IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTTO G. GIBBS, | : |
| Petitioner, | : |
| v. | : C.A. No. 11-694-LPS |
| PHIL MORGAN, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM ORDER

At Wilmington this 13th day of August, 2012:

### I. BACKGROUND

Presently pending before the Court is Petitioner Otto G. Gibbs' Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Application"), challenging as unconstitutional his designation as a Tier III sex offender and his incarceration for failing to comply with Delaware's requirement that he register as a sex offender as a result of his 1997 conviction for second degree unlawful intercourse. (D.I. 3; D.I. 5); *see also Gibbs v. Carroll*, 2004 WL 1376588 (D. Del. June 17, 2004). Gibbs was serving the probation portion of his 1997 sentence when he failed to comply with Delaware's sex offender registration requirements.

### II. LEGAL STANDARDS

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled

to federal habeas relief unless he has exhausted state remedies for his habeas claims. *See* 28 U.S.C. § 2254(b)(1)(A). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

## III. DISCUSSION

Having reviewed the face of the Application, the Court concludes that summary dismissal is appropriate in this case. Significantly, neither the Application nor the exhibits attached thereto indicate that Gibbs exhausted state remedies for the claims asserted in this case.[1] Accordingly, the Court will summarily dismiss the Petition without prejudice due to Gibbs' failure to exhaust state remedies.[2]

---

[1] The Court notes that, after filing the instant Application, Gibbs filed two additional applications for habeas relief pursuant to 28 U.S.C. § 2254, which relate to his sex offender registration requirement issues: *Gibbs v. Morgan*, C.A. No. 11-1216-LPS and *Gibbs v. Morgan*, C.A. 11-1217-LPS. The Court consolidated those actions. Notably, in *Gibbs*, Consol. C.A. 11-1216-LPS; C.A. 11-1217-LPS, Gibbs contends that he "took a two month plea" on October 11, 2011 (purportedly for a violation of probation caused by his failure to register) and that he is being held beyond that two month sentence. The Court views Gibbs' assertion in the consolidated case regarding his October 2011 "plea" as supporting the Court's conclusion that Gibbs had not exhausted state remedies at the time he filed the instant Application, thereby demonstrating the premature nature of the instant action.

In these circumstances, the Court concludes that summarily dismissing the instant Application without prejudice and turning the focus of its review to *Gibbs*, Consol. C.A. 11-1216-LPS; 11-1217-LPS is more appropriate than somehow trying to link these three applications together. Nothing in this Memorandum Order should be viewed as addressing the merits or status of *Gibbs*, Consol. C.A. 11-1216 -LPS; C.A. 11-1217-LPS.

[2] The Court notes that Gibbs has already requested, and has been denied, habeas relief with respect to his 1997 conviction for second degree unlawful intercourse on one prior occasion, when the Honorable Joseph J. Farnan, Jr. dismissed his first application as time-barred. *See*

## IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that:

1. Petitioner Otto Gibbs' Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (D.I. 3; D.I. 5) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

2. The Court declines to issue a certificate of appealability because Gibbs has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

3. The Clerk of the Court shall close this case.

_____
UNITED STATES DISTRICT JUDGE

---

*Gibbs*, 2004 WL 1376588. However, because the instant Application challenges Gibbs' incarceration stemming from his failure to register as a Tier III sex offender while on probation, rather than the underlying 1997 conviction itself, the Application does not constitute a second or successive application for the gate-keeping purposes of 28 U.S.C. § 2244. *See Benchoff v. Colleran*, 404 F.3d 812, 818-19 (3d Cir. 2005) (holding that habeas application is only abusive and successive when it raises claim that could have been presented in earlier habeas application).